STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
KENNEBEC, ss.                           DOCKET NO. CV-01-118
                                        SKS - KEN - 10/a3/200\

JEFFREY W. HANSON,

        Plaintiff

v.                                      DECISION ON MOTION
                                           TO DISMISS
STATE OF MAINE, et al.,

        Defendants


This matter comes on for hearing on the motion of defendant State of Maine, before answer, seeking dismissal of the complaint as being time-barred. The plaintiff responds that he escapes the effect of the Statute of Limitations due to a federal statutory tolling provision.

**Facts**

On April 28, 1999, the plaintiff was allegedly involved in an incident where he was thrown from a pickup truck, suffering physical injuries. On August 19, 1999, a notice under the Maine Tort Claims Act was served on the State, but then nothing further happened until early 2001.

The plaintiff filed a complaint in Federal District Court on April 3, 2001, including counts for violation of the Federal Civil Rights Act, violation of the State constitutional violations statute, and negligence. One month later, the State filed a motion to dismiss that complaint under F.R. Civ. P. 12(b)(6) on the grounds that the State is immune. On May 24, 2001, counsel for the plaintiff wrote to the Federal

1

District Court indicating that he were dismissing the complaint with regard to individual defendants due to inability to obtain service and indicated further that he did not intend to oppose the State's motion to dismiss. However, counsel went on to state in that letter his intent to refile the action in State court. The federal judge granted the motion to dismiss without objection on May 25, 2001. On June 22, 2001, the plaintiff filed the present complaint in this court.

## Discussion

The Legislature has enacted a two-year statute of limitations with regard to claims under the Maine Tort Claims Act. 14 M.R.S.A. § 8110. Since the plaintiff's claim accrued on April 28, 1999, his complaint would have to have been filed before April 28, 2001, in order to avoid application of the statute. On its face, plaintiff's present complaint missed the filing deadline by approximately two months.

The plaintiff argues that he benefits from a tolling period on state law claims while federal review is pending, as provided in 28 U.S.C. § 1367(d). The State reads the statute narrowly, maintaining that the tolling provision applies only to cases dismissed pursuant to section 1367(c), in other words cases where the federal court declines to exercise supplemental jurisdiction over a state claim. This contention is supported in 13B Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3567.1, n.51 (2nd ed. 2000 Supp.). "Although in this respect, as in others, section 1367 could have been more clearly drafted, the tolling provision of (d) should be read as coming into play only if the court exercises its discretion, under section 1367(c), to dismiss a supplemental claim of which it has jurisdiction under subsection (a)."

2

As the commentator notes, the tolling provision in the federal statute could be subject to different interpretations due to its wording. This factor, plus the clear intent of the plaintiff to refile in state court at the time the federal complaint was dismissed, leads this court to conclude that a technical interpretation of the statute results in an injustice. Granting the State's motion to dismiss would be a harsh result for a possible misreading of ambiguous federal statutory language. Denying the motion as to the state claims avoids this harsh result without serious damage to either state or federal law. Furthermore, the general rule is that when the federal claims are dismissed prior to trial, the District Court should decline to exercise supplemental jurisdiction over the supplemental state law claims. *Carr v. CIGNA Sec., Inc.*, 95 F. 3rd 544, 546-47 (7th Cir. 1996). Had the District Court followed the general rule and declined jurisdiction of the state claims rather than dismissing them, the applicability of the tolling provision would have been clear. Needless to say, this decision does not prevent the defendant State from bringing the same type of motion to dismiss in state court that it brought in the federal court.

For the reasons stated above, the entry will be:

Motion DENIED.

Dated: October 23, 2001

S. Kirk Studstrup
Justice, Superior Court

3

Date Filed __6/22/01__ __Kennebec__ Docket No. __CV01-118__
County

Action __Statutory Actions__

__Jeffrey W. Hanson__ vs. __Department of Corrections & Wally Brown__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Glen L. Porter, Esq.<br>Fleet Center, 80 Exchange St.<br>P.O. Box 1210<br>Bangor, Maine 04402-1210 | Diane Sleek, AAG.<br>State House Sta. 6<br>Augusta Maine 04333 |

| Date of Entry | |
|---|---|
| 6/22/01 | Complaint and Demand for Jury Trial, filed. s/Porter, Esq.<br>Case File Notice mailed to atty. |
| 7/30/01 | Summons with Return Receipt stamp dated 7/23/01 (State of Maine), filed. s/G. Porter, Esq. |
| 8/6/01 | Motion to Dismiss of Defendant State of Maine, filed. s/AAG.<br>Proposed Order, filed.<br>Request for Hearing, filed. s/Sleek, AAG. |
| 8/29/01 | Reply to Plaintiff's Objection to Motion to Dismiss of Defendant State of Maine, filed. s/Sleek, AAG |
| ------ | Plaintiff's Memorandum in Opposition to Defendant State of Maine's Motion to Dismiss, filed on 8/23/01. s/Porter, Esq. |
| 9/21/01 | Notification of Discovery Service of Plaintiff's Designation of Expert Witnesses served on J. William Druary, Esq. on 9/20/01, filed. s/W. Buschmann, Esq. |
| 10/2/01 | Hearing had on Motion to Dismiss with Hon. Justice Kirk Studstrup, presiding<br>Glen Porter, Esq. for the Plaintiff and Diane Sleek, AAG for the State of Maine.<br>Oral arguments made to the court.<br>Court to take matter under advisement. |
| 10/25/01 | DECISION ON MOTION TO DISMISS, Studstrup, J. (dated 10/23/01)<br>Motion DENIED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbecht Law Library and Goss. |